## Robert Yelverton v. Mathew Steele.

*Taxation: Supervisor's certificate: Review: Date: Time: Presumptions.* Under a statute allowing three days for review of the assessment roll, where the sessions are not required to last later in the day than five o'clock in the afternoon, the fact that the supervisor's certificate to the roll is dated on the last review day, does not necessarily show that it was premature, for it would be competent for him to attach his certificate on that day and after the hour specified; and all reasonable presumptions must be indulged in favor of official regularity.

*Taxation: Equalization of valuation: State tax.*    The amount of state and county taxes levied in the several townships depending on the equalization of valuation required by the statute to be made by the board of supervisors, it is as important, as between the several townships, that this action should be taken, as is a separate valuation of estates, as between individuals; and failure to comply with this requirement invalidates the tax.

*Records: Informal action not recorded.*    The statute requiring the action taken by the supervisors in this regard to be entered upon the records, informal action which is not recorded will not answer the requirement; conjecture is inadmissible where the statute requires a record.

*Taxation: State tax: Amount: Apportionment: Basis of estimate.*    An objection, that the tax on the face of the roll appears to be excessive, is not considered, in the absence of competent evidence what state tax was apportioned to the township, there being no basis for an estimate.

*Heard January 19.    Decided January 23.*

Error to Ingham Circuit.

*Spaulding & Cranson,* for plaintiff in error.

*Lucien Reed,* for defendant in error.

COOLEY, CH. J:

The validity of a tax-title for the year 1864 is the question at issue in this suit. The tax-sale was made for the state tax alone. Three objections are made to the title.

I. That the supervisor's certificate to the assessment roll was premature; it being dated on the third day allowed by law for reviewing the assessment roll and making objections thereto.—*Laws of 1858, p. 178.* The argument is, that being made on the third day, it did not allow the full three days for objections which the statute gives. The case of *Westfall v. Preston, 49 N. Y., 349,* affords some support to this objection, but we think the statutes differ so much as to render that case inapplicable. Under the New York statute it would seem that one whole day was given for the review; under our statute, three are allowed, but only until five o'clock P. M., after which it would seem entirely competent for the supervisor to attach his certificate. We must presume, in favor of official regularity, that he did not attach it prematurely.

II. That there was no lawful equalization of the several township assessment rolls by the board of supervisors.

The statute required the board of supervisors, if they should deem the valuation of real estate in the several townships to be relatively unequal, to "equalize the same by adding or deducting from the valuation of the taxable property in the township or townships such an amount as in their judgment will produce relatively an equal and uniform valuation of the real estate in the county, and the amount added to or deducted from the valuation in each township shall be entered upon the records." As the amount of state and county taxes levied in the several townships will depend on this equalization, it is as important, as between the several townships, as would be a separate valuation of estates, as between individuals. In this case the statute was not complied with. No such record as the statute requires was made, and no formal action whatever appears to have

YELVERTON *v.* STEELE.

been taken by the supervisors to equalize the rolls at all. There is, indeed, a column of. figures where under the head of "equalized valuation" the sum of one hundred and forty-eight thousand dollars is set opposite the name of this town; but that this sum is the result of any action by the supervisors does not appear, and conjecture is inadmissible where the statute requires a record.    The defect is fatal.

III.  A further objection was made, that the tax on the face of the roll appears to have been excessive.    This we shall not consider, as there was no competent evidence showing what state tax was apportioned to this township, and consequently no basis for an estimate.

The defendant appears to have claimed some rights by possession, but the facts on which the rights depend are not found.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.