John Burt et al. v. Daniel F. Wadsworth, Treasurer of Marquette County, and the Auditor General of the State of Michigan.

*Injunction not granted to restrain a tax-sale for informalities.*

The sale of lands for delinquent taxes will not be enjoined in equity merely for the neglect of a municipal board of review to attach their certificate to the tax-roll, and of the chairman of the board of supervisors to sign the certificate of equalization.

Appeal from Marquette. Submitted June 5. Decided June 21.

Injunction to restrain tax-sale. Defendants appeal.

*Ball & Owen* for complainant. Supervisors cannot act upon an assessment roll until it has been examined, corrected and certified, where the charter under which it is made up provides that it shall be laid before them "when completed," *Warren v. Grand Haven*, 30 Mich., 24; *Sibley v. Smith*, 2 Mich., 486; *Clark v. Crane*, 5 Mich., 151; *Johnson v. Elwood*, 53 N. Y., 435; *Colby v. Russell*, 3 Me., 227; *Foxcroft v. Nevens*, 4 Me., 72; *Johnson v. Goodridge*, 15 Me., 29; *Van Renssellaer v. Witbeck*, 7 N. Y., 517; Cooley on Taxation, 216–17, 289, 290; a tax cannot be levied without a record of each essential step in the proceedings, *Moser v. White*, 29 Mich., 59; *Palmer v. Rich*, 12 Mich., 419. Equity alone can remove the cloud of an outstanding tax-title upon premises of which the owners are in possession, *Miller v. Grandy*, 13 Mich., 549; *Kinyon v. Duchene*, 21 Mich., 498; *Scofield v. Lansing*, 17 Mich., 437; *M., H. & O. R. R. Co. v. Marquette*, 35 Mich., 504; *Heywood v. Buffalo*, 14 N. Y., 541; *Bank v. Supervisors*, 25 N. Y., 312; *Dows v. Chicago*, 11 Wall., 108.

*John Q. Adams* for defendants. Equity should not

interfere to restrain the collection of taxes where the tax could be paid under protest and recovered back in a suit for money had and received, *Dodd v. Hartford,* 25 Conn., 232; *Hubbard v. Brainard,* 35 Conn., 563; *Ecclesiastical Society v. Hartford,* 38 Conn., 274; *Shoemaker v. Grant County,* 36 Ind., 175; *Eve v. State,* 21 Ga., 50; *Cody v. Lenard,* 45 Ga., 85; *Scofield v. Perkerson,* 46 Ga., 350; *McMillen v. Anderson,* 95 U. S., 37; Hilliard on Tax., 458; Cooley on Taxation, 566, n. 1: 537, n. 1; nor will it aid persons to avoid their just share of public burdens for mere irregularities in the acts of the authorities, *Goddard v. Seymour,* 30 Conn., 396; *Adams v. Castle,* id., 404; *Adam v. Litchfield,* 10 Conn., 131; collection of taxes will not be enjoined merely because they are irregularly or erroneously assessed, *Livingston v. Hollenbeck,* 4 Barb., 9; *Van Rensselaer v. Kidd,* 4 Barb., 17; *Betts v. Williamsburgh,* 15 Barb., 262; *Cornwall v. Todd,* 38 Conn., 447.

MARSTON, J. Complainants filed a bill to restrain the defendants, as County Treasurer and Auditor General, from selling their lands for the delinquent taxes assessed thereon for the year 1875. A decree was rendered perpetually enjoining defendants from executing any conveyance under the sale made, and declaring the taxes assessed upon the lands null and void. From this decree defendants appealed.

Upon the argument in this court it was urged that the levy of taxes for 1875 was void for two reasons.

*First.* For want of the certificate of the board of review, required by the charter of the city of Marquette; and

*Second.* For want of the certificate of equalization by the chairman of the board of supervisors.

The facts were stipulated to by the solicitors, and the following are the material portions thereof bearing upon these questions.

"3d. That the assessors of said city of Marquette made an assessment roll for the year 1875 in due form, containing a description of the real estate in said city, and the names of the resident tax-payers of said city; that the mayor and assessors of said city and supervisors of the several wards met at the council rooms at the time prescribed by law as a board of review for reviewing said assessment roll, and remained in session as required by law and reviewed said roll.  Said board kept no record of their doings.  After they had completed the review of said assessment roll no certificate was attached thereto by any of the members of said board other than the following, which was without date, and was signed only by the assessors, and attached to said roll.

"We do hereby certify that the within assessment roll contains a description of all the real estate in the city of Marquette liable to be taxed, according to our best information, and that we have estimated the same at what we believe to be the true cash value thereof, and not at the price it would sell for at a forced auction sale; that the said assessment roll contains a true statement of the aggregate valuation of the taxable personal estate of each and every person named in said roll, and that we have estimated the same at its true cash value according to our best information and belief.

(Signed)          E. M. SPALDING, *Assessor*.
(Signed)          RICH'D P. TRAVERSE, do."

4th.  That said roll certified by said assessors as aforesaid, was laid before the board of supervisors of said county of Marquette, at their annual meeting for 1875, and was acted upon by said board, and equalized by them, but no certificate signed by the chairman or any member of said board was made upon or appended to said roll, nor was there any thing upon, or appended to said roll to show that it was ever acted upon or presented before said board of supervisors, except a blank certificate filled out, but not signed, of which a copy is hereto annexed, and the certificate of the clerk of said board, (both upon one sheet) which were attached to said roll, copies of which certificates are hereto annexed, upon one sheet, marked "Exhibit A."

5th.  That the subsequent proceedings for the collection of taxes upon the lands described in said bill for the taxes of 1875, and for the return and sale of said lands for such taxes as delinquent, were founded upon the assessment roll above mentioned.

6th.  That at the annual tax-sale of lands by the

said county treasurer of said county in October, 1876, said lands were sold to the State for said taxes, assessed as aforesaid thereon for the year 1875.

Dated, May 4th, 1877."

The charter of the city of Marquette did not require the board of review to make or keep any record of their proceedings.

It is not claimed or pretended in this case, that the lands were not subject to taxation, or that there was any irregularity whatever in any of the proceedings, or that any step required by the statute, in the assessment of taxes, either in substance or form, was not well and faithfully observed, except in the failure of the board of review to attach their certificate to the roll, and of the chairman of the board of supervisors to sign the certificate of equalization as already noted. There is no claim or pretense that complainants or either of them were injuriously affected by such omissions; relief is not claimed upon any such theory, but solely upon the omissions stated. Complainants while seeking equitable relief in this case stand strictly upon their legal rights. They have not offered nor do they offer to pay any portion of the taxes assessed upon their lands.

I do not see how this case differs in any essential respect from the case of the *Albany & Boston Mining Co. v. Aud. Gen.*, 37 Mich., 391. In that case it was claimed that the assessment roll was not drawn up and put into shape until after the time allowed for its review by the supervisor, and a majority of the court held in that case that a court of equity would not enjoin the collection of the tax. The rule there laid down was "that equity would not interfere to restrain the collection of the public revenue for mere irregularities. Either it should appear that the property is exempt from taxation, or that the levy is without legal power, or that the persons imposing it were unauthorized, or that they proceeded fraudulently." Clearly the complainants do not bring their case within the principles laid down in

that case.  Indeed I think that was a stronger case calling for relief than the present.  There it could fairly be insisted that the parties might have been prejudiced by changes afterwards made in preparing a new assessment roll.  No such claim could however be set up in this case.  How such omissions would affect the validity of a tax-deed, in an action at law, we need not now determine.  It is enough to say that they do not entitle the parties to relief in this form of action.

The decree must be reversed, and the bill be dismissed with costs of both courts.

GRAVES and COOLEY, JJ., concurred.

CAMPBELL, C. J. (dissenting).    I think that when, as in this case, the proceedings are invalid, it is better to enjoin them than to leave the door open for future litigation.    I think there should be an affirmance.