ROBERT MAXWELL ET AL. v. JENNIE F. PAINE ET AL.

*Void sale for taxes—Certificate of equalization—Ejectment.*

1. A sale for taxes is void if the statutory certificate of equalization was not attached to the tax-rolls; and a purchaser at such sale cannot maintain ejectment against persons in actual possession of the land under claim of title.

2. Possession, in an action of ejectment, is a question of fact to be found by the jury under proper instructions.

3. The record of the official proceedings of a common council need not be produced in court to show that the council has taken no action with reference to posting notices of the meeting of a board of review; it is enough to prove the official character of the record and to show, by a competent person, that he has examined it and that it shows no action.

4. Defendants in ejectment need not, at common law, show title from the beginning, but can base their defense upon actual possession under a prima facie valid claim of title.

Error to Bay.    (Green, J.)    Jan. 18.—March 6.

EJECTMENT.    Plaintiffs bring error.    Affirmed.

*A. C. Maxwell* for appellants.

*Hatch & Cooley* for appellees.

SHERWOOD, J. This suit is an action of ejectment, brought by the plaintiffs against the defendants to recover lot 10 in block 68 in the plat of Lower Saginaw, in Bay City. The plaintiffs claim under a tax deed made under a sale of the premises by the Auditor General for the unpaid taxes of 1877 and 1878. At the time the taxes were assessed and this suit was commenced, the defendant Paine lived in Saginaw and claimed to own the lot in question. She was leasing the land to other persons and had paid taxes on the property as hers. The other defendants were in the actual occupation of the property when the suit was commenced,— defendants Pendleton and Stewart as lessees of Mrs. Paine, and the Mungers as sub-lessees of Pendleton and Stewart. On the trial, no proper title was shown in defendants or either of them. The defendants claimed that the tax title of plaintiff was irregular and void, and relied upon their possession to defeat the plaintiffs' action.

The question whether a party is in possession of land is one of fact, to be found by the jury under proper instructions from the court; and they have found upon this point in favor of defendants. We find nothing in the instructions of the court upon that subject to correct. The finding is concl sive.

The defendants being thus in the actual possession of the land, the plaintiffs can only prevail against such possession by valid deed, and the remaining question relates entirely to the validity of the plaintiffs' tax deeds. Is it valid?

In the investigation of this subject, upon the trial, it became necessary to show what action was taken by the common council of Bay City in reference to posting notices of the meeting of the board of review in 1877 and 1878, and for this purpose witness Cooley was called and it was shown that he had examined the proceedings of the board, and that they showed no action upon the subject. This was objected to as incompetent, and the objection was properly overruled. If such action was taken it could appear nowhere else; and if it was not, that fact could only be shown by an inspection of the books. Their official character was proved and, so far

as the record shows, Mr. Cooley was as competent to make
that inspection as any other person. It was not necessary to
produce the books before the court for that purpose.

It is further insisted that the defendants, in order to be per-
mitted to make their alleged defense, must not only have the
actual possession and occupancy of the premises, but they must
so possess under some chain of title extending back to the
source. This Court, however, has held differently. *Gamble
v. Horr* 40 Mich. 564. It was only necessary for the defend-
ants to show at common law actual possession under a claim
of title, to enable defendants to make their defense. Buller's
N. P. 103; Adams Eq. 281; *Day v. Alverson* 9 Wend. 223;
*Hall v. Kellogg* 16 Mich. 139. And this Court has held that
a prima facie case at the common law is sufficient to enable
the defendants to make their defense. *Gamble v. Horr* 40
Mich. 561. We find no reason for changing the ruling here-
tofore made on that subject.

It is evident from this record that the chairman of the
board of supervisors of Bay county, in the year named, did
not fill out and attach the proper certificates of equalization
to the State and county tax-rolls, as required by statute. See
Comp. L. § 995; How. St. § 1029. The equalization
by the board is important and necessary, and the action of
the board in making it must be duly recorded. *Yelverton
v. Steele* 36 Mich. 62. It is by such record only that its action
can be made to appear. The certificate which furnished the
evidence of the fact that the law has been complied with, to
the tax-payer, is given in the statute and must be strictly com-
plied with. The failure so to do will render the proceedings
to sale void. The departure in this case is apparent and be-
yond remedy. It applies to the taxes of both years, and the
deeds issued upon the sales made for the taxes of those years
are null and void.

This is not a proceeding in equity for the purpose of en-
joining the collection of a tax alleged to be illegal, as in
*Burt v. Wadsworth* 39 Mich. 126; but if it were I should
be inclined to agree with Chief Justice Campbell's views
given in that case. It is a suit to deprive the party of the

title to her property against her will, for a mere nominal sum, under the color of legal authority. This can never be done in such a case without a full compliance with all the substantial requirements of the law.

The conclusion we have reached on this point renders it quite unnecessary to consider the other questions raised and argued on the hearing.

The judgment at the circuit must be affirmed.

CAMPBELL and CHAMPLIN, JJ. concurred. COOLEY, C. J. did not sit in this case.