THOMAS J. WESTBROOK v. ALBERT MILLER, GEORGE
LEWIS, AND CYRUS GALE.

[See 56 Mich. 148.]

*Taxes—Assessment roll—Certificate and warrant of supervisor—
Certificate of equalization—Sale—Trover—
Title in third person.*

1. An *unsigned, undated* warrant to a tax roll is insufficient.

2. A supervisor failed to certify that he had assessed the lands in his
   township at their true cash value, and not at the price they would
   bring at a forced or auction sale.

   *Held,* a fatal omission, invalidating any sale made for the
   taxes of that year.

3. The chairman of a board of supervisors signed blank certificates
   of equalization for the several townships, and left them with the
   county clerk, who filled them up from the record of the board,
   and forwarded them to the respective supervisors, who attached
   them to their several rolls after the adjournment of the board.
   On the trial of a trover suit involving the validity of a tax deed for
   that year the defendant was allowed to make proof of those
   facts.

   *Held,* that the course pursued rendered the tax sale and deed
   void. *Maxwell v. Paine,* 53 Mich. 32.

4. An outstanding, *prima facie* valid title in a third person
   necessarily defeats a plaintiff's right to recover in trover.

6. Every tax sale, under our laws, is a sale of a *complete* title, and,
   if legal, when it matures takes precedence of all other titles.

Error to Bay. (Green, J.) Argued November 16, 1886.
Decided January 6, 1887.

Trover. Plaintiff brings error. Affirmed. The facts are
stated in the opinion.

*Avery Bros.* (*T. A. E. Weadock,* of counsel), for
appellant.

64 MICH.—9.

*Simonson, Gillett & Courtright,* for defendants.

SHERWOOD, J.  The plaintiff brings trover to recover the value of about 2,000,000 feet of pine saw-logs, worth over $20,000, which he claims defendants converted, the plaintiff having the title thereto.

The lands from which the timber was taken were held by the State for the taxes of 1872, 1873, 1876, 1877, 1878, 1879, and 1880, and John M. Hoffman, having purchased the State bid, procured a deed for these years from the State, February 9, 1883, for the sum of $56.46, under what is known as the graduation act of 1881, and the amendment thereto.[1]

Hoffman afterwards deeded the lands to the plaintiff, Westbrook.  These conveyances furnish the only claim of title relied on by the plaintiff to establish his ownership to the lands or logs in question, and his right to the possession of the same.  The land was unimproved, not inclosed, and unoccupied, and the plaintiff never had any actual possession of the land or logs in question.

The defendants entered upon the lands during the winter of 1883, and commenced cutting and removing the timber therefrom, claiming to be the owners in fee through a deed of purchase from one John T. Phillips, for the consideration of $5,500.

The land was located by Selden A. Jones on June 27, 1853, who conveyed to John T. Phillips, November 28, 1853. John T. Phillips deeded to Oscar F. White, December 11, 1853, taking a mortgage back; and Oscar F. White, by circuit court commissioner, on foreclosure of this mortgage, conveyed to John T. Phillips, May 8, 1856, Phillips conveying to defendants Miller and Lewis subsequently.

This suit was commenced February 19, 1884, while defendants were on the lands cutting and removing the timber, and

_____

[1] Act No. 229, Laws of 1881, as amended by Act No. 7, Laws of 1882.

having such actual possession as was necessary for carrying on lumbering operations.

At the time the suit was commenced, and the alleged conversion claimed in the declaration, there were outstanding tax titles held by one Juan C. De Meier, covering the years 1862, 1864, 1866, 1867, 1868, and 1869. Juan C. De Meier conveyed to one Cain M. Cook, June 25, 1884, and Cook conveyed to defendants, June 28, 1884.

De Meier purchased from the State, and had the deeds recorded several years prior to the commencement of this suit, and before the time that plaintiff obtained his tax titles. Thus, there were several outstanding tax titles in De Meier when this suit was commenced, and when plaintiff or his grantor obtained his tax deed.

On the trial the plaintiff offered in evidence a conveyance by the Auditor General to John M. Hoffman, for the taxes of 1872 and 1873, 1876 to 1880, inclusive, dated February 9, 1883, and a conveyance from Hoffman to the plaintiff, dated November 14, 1883; also evidence showing the cutting and carrying away of the timber to Bay City, where the logs were worth $12 per thousand at the time suit was commenced.

The grounds relied upon by the defendants were—

1. The invalidity of the plaintiff's title.
2. Ownership by the defendants under the original title.
3. The title outstanding in Juan C. De Meier for the years hereinbefore mentioned.

The cause was tried in the Bay circuit, before Judge Green, with a jury, who, under the charge of the court, rendered a verdict for the defendants, and plaintiff brings error.

The plaintiff, in order to recover against the defendants, had to show a valid title to the timber and logs in question. This he sought to do by relying upon his title to the land upon which the timber grew, and from which the logs were taken. The invalidity of taxes for the year 1872 was admitted by the plaintiff in his requests to charge, there being

no sufficient warrant attached to the collector's roll.[1] The certificate attached to the assessment roll for that year did not state that the supervisor assessed the land at its true cash value, and not what it would bring at a forced or auction sale. This omission was fatal, and invalidated any sale made for the taxes of that year. *Silsbee v. Stockle,* 44 Mich. 565, 566; *Dickison v. Reynolds,* 48 Id. 161, 162; *Sinclair v. Learned,* 51 Id. 343.

The testimony shows that, in case of the other tax sales under which the plaintiff claims title, the chairman of the board of supervisors of Bay county did not, in either case, fill out and attach the proper certificate of equalization to the State and county tax-roll, as required by How. Stat. § 1029, but the same course was pursued in each of these cases as was taken by the chairman of the board in the case of *Maxwell v. Paine,* 53 Mich. 32, and which it was held rendered any sale thereunder void.[2]

We think that case clearly governs this, upon the question of the effect of the absence of such certificate.

Under the decisions of this Court heretofore made, the plaintiff failed to show such title as would allow him to recover, and the circuit judge was right in so holding.

The testimony of the defendants, undisputed and unimpeached, showed, further, that *prima facie,* at the time the suit was commenced, the title to the property was outstanding in a third party, Mr. De Meier. This was entirely proper to be shown, and necessarily defeats the plaintiff in the case. Every tax sale, under our laws, is a sale of a complete title, and, if legal, when it matures takes precedence of all other titles. *Sinclair v. Learned,* 51 Mich. 344.

There is no occasion for discussing the other questions raised in the argument of counsel, or upon the other assign-

---

[1] The warrant was not signed by the supervisor, and was not dated.

[2] See head-note 3 for explanation.

ments of error. The circuit judge was clearly right in all his rulings, and the judgment will be affirmed.

The other Justices concurred.