HENRY H. APLIN, AUDITOR GENERAL, v. JOSEPH L. ROBERTS, AND SAME v. GEORGE F. REYNOLDS.

[Two cases.]

*Taxes—Constitutional law—Equalization by board of supervisors.*

1. It was competent for the Legislature to provide for the sale of lands delinquent for taxes assessed and returned prior to the year 1889, under the provisions of the tax law of 1889, which gives a new remedy, in the enforcement of which the rights of the tax-payer are protected, and he is given a day in court, with an opportunity to allege and show the invalidity of the tax.

2. A record of equalization which fails to show the *assessed* valuation of the several townships, and the amounts added to or deducted therefrom, if any, for the purposes of such equalization, is fatally defective, and *voids* the entire levy of taxes for the year in which it is made.

Appeals from Mackinac. (Steere, J.) Submitted on briefs November 12, 1890. Decided December 5, 1890.

Petitions for sale of lands delinquent for taxes, under Act No. 195, Laws of 1889. Defendants appeal. Reversed, and petitions dismissed as to lands of defendants. The facts are stated in the opinion.

*James J. Brown,* for petitioner.

*James McNamara,* for defendants.

CHAMPLIN, C. J.    Petitions were filed in these two cases to enforce the collection of taxes assessed upon certain lands returned as delinquent for the year 1887 in the townships of Newton, St. Ignace, and Moran, in the county of Mackinac.

Certain constitutional objections were raised to the law under which the collection of the taxes is sought to be enforced, but as such objections have been passed upon, and the constitutionality of the law sustained, in the case of *Auditor General v. Stiles, ante,* 460, such objections need not be noticed.

We think it was competent for the Legislature to provide for the sale of lands delinquent for taxes which were assessed and returned prior to the year 1889, under the provisions of the act of 1889. A new remedy is provided, under which the rights of the tax-payer are protected, and he is given a day in court, where he may allege and show the invalidity of the tax. End. Interp. Stat. §§ 285, 287.

In the case against Roberts all of the taxes were rejected except the State and county tax, and in the Reynolds case the township, highway, rejected taxes, and bridge taxes were rejected, by the circuit judge, and we shall notice only such objections as relate to the taxes not rejected. The Auditor General did not appeal. The objections to the State and county taxes are the following:

" 1. The State and county taxes which are sought to be established as a lien upon said lands are invalid, for the reason that no action was taken by the board of supervisors in the year 1887 to apportion the same between the several townships, nor between the townships and city, of said county of Mackinac, and no such apportionment was made.

"2 No authority was given by the board of supervisors for the year 1887 for levying any State and county taxes upon said lands, nor upon any lands in said county.

"3. No equalization of valuation of the real estate in said county was made by said board of supervisors during the year 1887.

"4. The said board of supervisors for the year 1887 voted to the sheriff of said county for said year a salary of $200, and to the register of deeds a salary of $200, without any warrant or authority of law, which items were embraced in the tax levy made or attempted to be made upon the lands for the taxes of 1887.

"5. The board of supervisors had no authority to order the assessment of the rejected taxes for the township of Newton."

We shall pass only upon the third objection. The testimony is all documentary except the oral testimony of one witness. The defendants sought to show that there was no equalization of the valuation of the several tax rolls of the county by the board of supervisors, and also that there was no apportionment of the State and county taxes among the several townships of the county, by introducing in evidence "the record of the proceedings of the board of supervisors of Mackinac county for the year 1887, commencing on page 94, and continuing continuously to and including part of page 101." The record introduced commences at the afternoon session on Thursday, October 20, 1887, and concludes on Saturday, October 22, 1887. Michael Hoban was sworn as a witness, and he testified that he was the clerk of Mackinac county during the year 1887; that he kept the minutes of the proceedings of the board of supervisors for the year 1887, and made up the record of the board. He testifies that the record introduced and read to the court is all the record there is of the equalization and apportionment by the board of supervisors of Mackinac county for the year 1887. The validity of the taxes in question, therefore, must stand or fall by the record introduced.

All presumptions in favor of the existence of any other record are repelled.

Section 21, Act No. 153, Laws of 1885 (3 How. Stat. § 1169 $n$), is mandatory in requiring the board of supervisors at their October session—

"To examine the assessment rolls of the several townships, and ascertain whether the relative valuation of the real property in the respective townships has been equally and uniformly estimated. If, on such examination, they shall deem such valuation to be relatively unequal, they shall equalize the same by adding to or deducting from the valuation of the taxable property in any township or townships such an amount as in their judgment will produce relatively an equal and uniform valuation of the real property in the county, and the amount added to or deducted from the valuation in any township shall be entered upon the records. They shall also cause to be entered upon their records the aggregate valuation of the taxable real and personal property of each township of their county as determined by them."

These provisions of the law are jurisdictional, and lie at the foundation of the right of the board to decide whether a tax shall be raised under the law, and of the determination whether the taxes in question have been legally imposed. We have heretofore held that a neglect to comply with these requirements rendered the tax illegal and void. *Yelverton v. Steele*, 36 Mich. 62; *Boyce v. Sebring*, 66 Id. 210. The provisions requiring the determination of the board to be entered of record are equally mandatory. *Moser v. White*, 29 Mich. 59, 60; *Williams v. Mears*, 61 Id. 86. The record does not show the equalization. A resolution was introduced that the valuation of the different assessment rolls in the county for the year 1887 "be and they are hereby equalized, and the valuation of each fixed as follows, to wit." Then follows a list of the several townships, and the several wards of the city of St. Ignace, and opposite each a certain amount

in dollars. This was amended by changing the amounts in several instances; but nowhere does it appear what the amounts of the valuation of each town and ward were as made by the supervisors, nor how much in any case was added to or deducted from the valuation as returned by the supervisor.

No tax can be held legal where there is such disregard of jurisdictional requirements. These requirements are for the protection of the rights of the property-owner. Every change in the valuation, as returned by the supervisor, affects the amount of tax he may be called upon to pay. If that valuation is reduced, he is affected beneficially, but other towns where no change is made are affected, and, if the valuation is increased, every taxpayer in that town is affected. This objection goes to the validity of the whole levy, and the taxes assessed against the lands referred to in the petitions filed by the Auditor General must be held invalid, the decrees of the court below reversed, and the petitions dismissed as to these lands.

The other Justices concurred.