ELI B. CHAMBERLAIN v. THE CITY OF ST. IGNACE.

*Taxes—Equalization—Record of supervisors.*

1. Where a city charter provides for the review and correction of the assessments made by the supervisors of the several wards by a board of review provided for by the charter, and for the apportionment by the county clerk of the sum required by the city council to be raised for school purposes, as certified to him by the city clerk, among the several wards, according to their assessed valuation as equalized by said board of review, the action of the county clerk is in no way dependent upon the equalization made by the board of supervisors of the county, and their failure to properly equalize the assessments, as between the various townships, cannot affect the amount of the tax imposed upon each ward, or upon the individual tax-payer, for school purposes.

2. If, in equalizing the assessment rolls of the several townships of a county, there is no occasion to add to or deduct from the valuations as assessed, the statute (Act No. 195, Laws of 1889) only requires that there be entered upon the record of the board of supervisors the aggregate valuation of the taxable real and personal property of each township, as determined by the board; and where such an entry appears the presumption arises that no such deductions or additions were found necessary or were made.

3. *Auditor General v. Roberts*, 83 Mich. 471, in so for as it intimates a contrary view from that above set forth, is overruled; and what was there said regarding the necessity of showing by the record of equalization the assessed valuation of the several townships, and the amounts added to or deducted therefrom for the purposes of equalization, must be understood as relating to the state of facts there shown, it appearing that such additions and deductions were made.

Error to Mackinac. (Pailthorp, J.) Argued May 6, 1892. Decided June 17, 1892.

*Assumpsit.* Defendant brings error. Reversed, and judgment entered in favor of defendant. The facts are stated in the opinion.

*James McNamara,* for appellant.

*C. R. Brown,* for plaintiff.

MONTGOMERY, J.  The plaintiff sues to recover the amount of the taxes assessed against him upon lands in the city of St. Ignace, in the year 1890, which were paid by him under protest.

There is a special finding which shows that these taxes were levied in the year 1890, and that on the 16th day of February, 1891, the plaintiff paid the tax, delivering a written protest, signed by him; and assigning, among other grounds of protest, one stating that there was no equalization of the valuation of the real estate of said county by the board of supervisors during the year 1890.  The record of the board of supervisors was introduced, showing an equalization in substantially the same form as that set out in *Auditor General v. Roberts,* 83 Mich. 471.  In the present case all that appears is the following resolution: "Resolved, that the several townships and wards be, and the same are hereby, equalized by the board of supervisors as follows:" (here follows the name of the township, and set opposite, and underneath the words "equalized at," the amount.)  It does not appear by the findings that any sum was added to or deducted from the assessed valuation of any township or ward.

The statute (Act No. 195, Laws of 1889, p. 238) requires the board of supervisors to—

"Examine the assessment rolls of the several townships, and ascertain whether the relative valuation of the real property in the respective townships has been equally and uniformly estimated.  If, on such examination, they shall deem such valuation to be relatively unequal, they shall equalize the same by adding to or deducting from the valuation of the taxable property in any township or townships such an amount as in their judgment will pro-

duce relatively an equal and uniform valuation of the real property in the county, and the amount added to or deducted from the valuation in any township shall be entered upon the records. They shall also cause to be entered upon their records the aggregate valuation of the taxable real and personal property of each township in their county, as determined by them."

The court below found the equalization invalid, and permitted a recovery for the entire tax paid, including State tax, county tax, and school tax, relying upon *Auditor General v. Roberts*, 83 Mich. 471.

The school tax amounted to $31.34, and, in holding that this tax depended upon the regularity of the equalization of the board of supervisors, the court evidently relied upon the case of *Auditor General v. Roberts*. But in that case the local act under which the city of St. Ignace was organized is not referred to. That act,[1] in section 5, chap. 24, provides for a board of review for the city, who shall meet at the office of the city clerk in St. Ignace in August, and there review and correct the assessments made by the supervisors of the several wards. By section 7 it is provided that, on or before the first Monday in October, the city clerk shall certify to the county clerk of the county of Mackinac the aggregate amount of all sums which the council requires to be raised for the year for all city purposes, and for school purposes, and for library and school-house purposes, by general taxation upon all the taxable property of the whole city; and by section 8 it is provided that the county clerk, as clerk of the board of supervisors of the county, shall apportion the amount to be raised, as mentioned in the preceding section, among the several wards of the city, according to the valuation of the property appearing upon the assessment rolls of said several wards of said city for such year, as equalized by

---

[1] Act No. 223, Local Acts of 1883.

the board of review mentioned in section 5.  It is obvious, therefore, that the equalization in October by the board of supervisors cannot in any way affect the levy of taxes for school purposes within the city of St. Ignace.  A recovery of the amount of school tax should not have been allowed.  The action of the county clerk, under section 8 of the charter, is in no way dependent upon the equalization made by the county board of supervisors, and the failure of the board of supervisors to properly equalize the assessments, as between the various townships of the county, cannot affect the amount of the tax imposed upon each ward within the city, or upon the individual tax-payer.  So far as the case of *Auditor General v. Roberts* intimates a contrary view, it should be considered overruled.  We have referred to this subject for the purpose of correcting any misapprehension which may exist upon this point, and because the provisions of the charter were not considered in the case referred to.

We are also of opinion that the court erred in holding the equalization invalid.  The court was evidently of the opinion that, because the record failed to show the assessed valuation as well as the valuation as equalized, it failed to comply with the statute.  The presumption in all proceedings relating to taxes is in favor of regularity.  The statute only requires additions to or deductions from the assessed valuation in case the board shall determine that the valuations are relatively unequal.  If there be no occasion to add to or deduct from the assessed valuations, then the only requirement is that there shall be entered upon the record "the aggregate valuation of the taxable real and personal property of each township in their county, as determined by them."  This entry was made in the present case, and the presumption arises that there were no deductions or additions found necessary.  What was said in *Auditor General*

*v. Roberts* upon this subject must be understood as relating to the state of facts there shown, and in that case it appeared that additions and deductions were made.

The judgment below will be reversed, and one entered here in favor of the defendant, with costs of both courts.

The other Justices concurred.