109 694
116 579

AUDITOR GENERAL *v.* AYER.

1. TAXES—EQUALIZATION—PRESUMPTION OF REGULARITY.

It will be presumed that an equalization under section 34, Act No. 206, Pub. Acts of 1893, was based upon the real estate, as the section requires, and not upon both real and personal property, where the basis of such equalization does not appear from the proceedings of the board of supervisors.

2. SAME.

In view of such presumption, the requirement of said section that the amount added to or deducted from the valuation of the taxable property in any township, ward, or city shall be entered upon the records of the board is substantially complied with where the records show separately the real estate and personalty as assessed, and the aggregate of the real and personal property after equalization.

Appeal from Ontonagon; Haire, J. Submitted June 4, 1896. Decided June 30, 1896.

Petition by Stanley W. Turner, Auditor General, for the sale of certain lands delinquent for the taxes of 1893. Objections were filed by Frederick F. Ayer and others, trustees of the estate of James C. Ayer, deceased. From a decree for petitioner, defendants appeal. Affirmed.

*W. R. Adams*, Prosecuting Attorney (*Chadbourne & Rees*, of counsel), for petitioner.

*A. B. Eldredge* and *A. E. Miller* (*M. J. Sherwood*, of counsel), for defendants.

HOOKER, J. This case turns on the validity of the equalization of assessment rolls by the board of supervisors. Section 34 of Act No. 206, Pub. Acts 1893, makes it the duty of the board of supervisors, in equalizing the property of the various townships, wards, and

cities for the apportionment of State and county taxes, to—

"Examine the assessment rolls of the several townships, wards, or cities, and ascertain whether the relative valuation of the *real* property in the respective townships, wards, or cities has been equally and uniformly estimated. If, on such examination, they shall deem *such valuation* to be relatively unequal, they shall equalize the *same* by adding to or deducting from the valuation of the taxable property in any township, ward, or city, or townships, wards, or cities, such an amount as, in their judgment, will produce relatively an equal and uniform valuation of the *real* property in the county, and the amount added to or deducted from the valuation in any township, ward, or city shall be entered upon the records. They shall also cause to be entered upon their records the aggregate valuation of the taxable real and personal property of each township, ward, or city in their county as determined by them."

The record of the board is as follows:

"WEDNESDAY, October 11, 1893.
"The board met, pursuant to adjournment. Supervisors present: Messrs. Sawyer, Trevarrow, Anderson, Bond, Stannard, Geismar, Biggs, and Hawley. The meeting was called to order by Mr. Sawyer, chairman. The following is a statement of the assessed valuation of the real estate and personal property in the county, to wit:

| TOWNSHIP. | No. Acres. | Real Estate. | Personal Estate. | TOTAL. |
|---|---|---|---|---|
| Ontonagon ___ | 202,655.45 | $731,405 00 | $320,898 60 | $1,052,303 60 |

[Here followed the remaining townships in the table.]
"The board proceeded to equalize the several assessment tax rolls. Thereupon, on motion, the following amounts were declared to be the valuation of the real estate and personal property in each township for the apportionment of the county and State taxes for year 1893, to wit:

|  |  | No. Acres. | Real and Personal Estate. |
|---|---|---|---|
| Ontonagon township | | 202,655.45 | $960,000 |
| McMillan | " | 98,814.94 | 450,000 |
| Rockland | " | 62,362.28 | 305,000 |
| Carp Lake | " | 140,622.00 | 320,000 |
| Interior | " | 105,209.82 | 400,000 |
| Bohemian | " | 54,777.55 | 210,000 |
| Greenland | " | 21,398.51 | 108,000 |
| Total | | 685,840.55 | $2,753,000 " |

The alleged defects are:

1. That the equalization was based upon both real and personal property, instead of real estate only.

2. The amounts added or deducted were not entered in the record.

Had the law required that the record show the amount of real estate as assessed and also as equalized, it would conclusively appear whether additions and deductions were from the real estate; but it does not. It only requires that the table show the amounts added and deducted, and the aggregate of taxable property. And if only the amount of taxable property as equalized were given, there would be no way of determining the amount added or deducted. Inasmuch, however, as the table did include the real estate as assessed, and also the personal as assessed, the difference between the aggregate of these and the amount of taxable property as equalized would show the amount added or deducted. It would do no more if the amount of such addition or deduction appeared in the proper columns, unless it was explicitly stated that they were additions or deductions to or from the real estate as assessed, which the law does not require. There is nothing to indicate that the equalization was based upon the aggregate of real and personal property unless we are to assume it, which, as shown, we might as easily do in any case, unless the board was so careful as to state that it was based on the real estate only, or included columns in its table showing assessed and equalized valuation of real estate,

which, as already said, the law does not explicitly require. In our opinion, we should rather presume regularity than irregularity, and must conclude that the equalization was upon the real estate, as the law requires, rather than that it was based upon both real and personal property, which the law does not permit. Such presumption is in accordance with the provisions of the tax law and the settled rule. *Mills* v. *Richland Tp.*, 72 Mich. 100; *Silsbee* v. *Stockle*, 44 Mich. 562; *Chamberlain* v. *City of St. Ignace*, 92 Mich. 332. If we do this, we shall have no difficulty in finding a compliance with the provision that the amounts added and deducted should be entered in the record, by the application of the maxim, "*Id certum est, quod certum reddi potest.*"

The decree of the circuit court is affirmed, with costs.

The other Justices concurred.