HARTS v. CITY OF MACKINAC ISLAND.

1. TAXATION—DESCRIPTION OF PROPERTY—SUFFICIENCY.
    An assessment of land described as the " W. ⅔ part of P. C. No. 331, five (5) cottages and barn (less lot deeded to J. B.)," is not void for indefiniteness, since it refers to a deed presumptively of record.

2. SAME—RECORD OF EQUALIZATION.
    Where the records of a board of supervisors showed that a motion was made "that the report of the committee on equalization be amended, and that the several townships and cities be equalized as follows," setting out the equalized value of each, which motion was duly carried, the fact that the clerk of the board, in entering the vote on the motion, referred to it as a motion merely to amend the report of the committee, did not invalidate the equalization.

Error to Mackinac; Shepherd, J.   Submitted November 21, 1902.   (Docket No. 238.)   Decided December 2, 1902.

*Assumpsit* by Daisy H. Harts, and Daisy H. Harts and Edwin B. Harts, as administrators of the estate of F. S. Hanson, deceased, against the city of Mackinac Island, to recover taxes paid under protest.   From a judgment for defendant, plaintiffs bring error.   Affirmed.

Plaintiffs paid their taxes under protest, and brought this suit to recover the amount so paid.   The case was tried before the court without a jury, and a finding of facts made.   The findings material to the understanding of the questions raised are these:   The property assessed was described as the "W. ⅔ part of P. C. No. 331, five (5) cottages and barn (less lot deeded to Jno. Barrow)."   At the regular annual meeting of the board of supervisors for Mackinac county in October, 1901, a committee on equalization was appointed.   The committee reported on October 24th.   The report was in due form, was approved, adopted, and the board adjourned until the following day.   On that day a motion was made to "reconsider the motion to adopt the said report of the said committee."   This motion prevailed.   The record of the board upon this subject is as follows:

"Motion of Supervisor Morrison that the report of the committee on equalization be reconsidered, carried by yeas and nays as follows:   Yeas [vote given], nays [vote given].

"Motion by Supervisor Burton that the report of the committee on equalization, as brought in yesterday, be amended, and that the several townships and cities be equalized as follows:

"City of Mackinac Island _____ $635,000.

"[Here follow other cities and townships.]

"Supervisor Rapin moved an amendment to Supervisor Burton's motion that the several townships and cities be equalized as follows:

"City of Mackinac Island _____ $600,000.

" [Here follow other cities and townships.]

"Which amendment was lost as follows: Yeas [vote given], nays [vote given].

"Supervisor Burton's motion to amend the report of the committee on equalization was then voted on and carried as follows: Yeas [vote given], nays [vote given]. Carried.

"The following are the amounts as found by the boards of review of the several townships and cities of St. Ignace and Mackinac Island, in Mackinac county, and as equalized by the board of supervisors, viz.:

"City of Mackinac Island, real property, $467,070; personal property, $184,840. Amount deducted from the real property by the board of supervisors was $16,910.

"[Here follow other cities and townships.]"

After this action the board adjourned to the following day. Upon reassembling, the minutes of the previous day were read, and, on motion, approved, and the board adjourned *sine die.*

The court rendered a judgment for the defendant.

*Edwin B. Harts* (*Henry Hoffman*, of counsel), for appellants.

*James McNamara*, for appellee.

GRANT, J. (*after stating the facts*). 1. The first objection to the validity of the tax is that the description of the land is void for indefiniteness. Counsel cite and rely in support of this contention upon *Hubbard* v. *Winsor*, 15 Mich. 146; *Petit* v. *Railroad Co.*, 114 Mich. 362 (72 N. W. 238). In the former case the description was, "N. E. ¼," etc., "less lots sold." In the latter case it was, "W. fractional ½," etc., "excepting and reserving the lands heretofore sold to E. Fitzgerald, Smith, Wright, Read, and others, and about one and a half acres in the northwest corner, and one and a half acres being in the Indian reserve, and also the Chicago & Grand Trunk Railway, being about 55 acres." Those cases do not control this. In those cases it is manifest that no reference is made to any deed or other instrument for a description

of the property reserved from the governmental description. There might have been a deed, there might have been a written contract for sale, or there might have been a parol contract. In this case the reference is made to a deed presumptively of record, and upon which, presumptively, the grantee in that deed has been assessed upon the same roll as was the land of the plaintiffs. It is not claimed that there was in fact any difficulty in determining the exact description of the assessed land by reference to the deed of Barrow.

2. The second point made is that the supervisors never in fact adopted the report of the committee on equalization, and that therefore the equalization is void, under *Auditor General* v. *Roberts,* 83 Mich. 471 (47 N. W. 442), and cases there cited. We cannot adopt this view. After the vote to reconsider was carried, the motion was made "to amend the report, and that the several townships and cities be equalized as follows." This motion included all the townships and cities, with the proper amounts opposite as equalized. A motion to amend this motion was made and defeated. Thereupon Supervisor Burton's motion was carried. While the clerk recorded the motion as one to amend the report of the committee on equalization, it was evidently the motion made by Mr. Burton, which covered the entire subject of equalization, and was sufficient. The motion, as recorded, must control, and not the construction put upon it by the clerk in his minutes. In *Auditor General* v. *Roberts* this question was not involved. There changes were made in several townships, and it did not appear "what the amounts of the valuation of each town and ward were, as made by the supervisors, nor how much in any case was added to or deducted from the valuation as returned by the supervisor." What was there held fatal to the validity of the tax was in fact done in this case.

Judgment affirmed.

The other Justices concurred.