LEGGATT v. PADDISON.

1. TAXATION—EQUALIZATION BY BOARD OF SUPERVISORS—MANDATORY PROVISIONS OF STATUTE.

While provision of statute (1 Comp. Laws 1915, § 4028) requiring board of supervisors to equalize assessments of several municipalities in county at its June session is mandatory in sense that it is duty of board to at that time take action, taxes should not be imperiled by lack thereof if final action is taken in time to permit spreading of taxes and delivery of rolls to collecting officers reasonable time before that limited for collection has expired.

2. SAME—PROVISIONS OF STATUTE JURISDICTIONAL—RECORD OF BOARD OF SUPERVISORS.

Provisions of statute (1 Comp. Laws 1915, § 4028) relating to equalization of assessments are jurisdictional, and no tax may be legally imposed upon property of county without such action being taken by board of supervisors, and record of board must disclose such action.

3. SAME—EQUALIZATION—DELAYED ACTION.

Where report of committee equalizing assessments in county was adopted by vote of board of supervisors at its June session, as required by 1 Comp. Laws 1915, § 4028, and, on doubt arising as to legality of such vote because not carried by majority of all members elect (1 Comp. Laws 1915, § 2266, as amended by Act No. 144, Pub. Acts 1919), another vote was taken in November adopting said equalization report by majority vote of all members elect, equalization was legal.

Certiorari to Oakland; Webster (Arthur), J., presiding. Submitted November 25, 1930. (Calendar No. 35,422.) Decided December 2, 1930.

Mandamus by Bruce Leggatt, chairman board of supervisors of Oakland county, to compel William H. Paddison, supervisor of Oxford township, to as-

sess State taxes. Defendant reviews granting of writ by certiorari. Affirmed.

*Norman C. Orr,* Prosecuting Attorney, and *Charles L. Wilson,* Assistant Prosecuting Attorney, for plaintiff.

*Pelton & McGee,* for defendant.

Per Curiam. The board of supervisors of Oakland county consists of 45 members. The statute (1 Comp. Laws 1915, § 4028) requires it to equalize the assessment of the several municipalities in the county at its June session in each year. This session was adjourned until July, and on the 11th day of that month a committee, appointed for that purpose, presented a report containing the assessed valuation of each municipality, the amount to be added or deducted therefrom, and the valuation as equalized, and recommended its adoption. On a motion that the report be accepted and adopted, a yea and nay vote was had, 22 of the supervisors voting therefor and 17 against, and the motion was declared carried. The legality of such action was questioned. Section 2266, 1 Comp. Laws 1915, as amended by Act No. 144, Pub. Acts 1919, reads as follows:

"A majority of the supervisors of any county shall constitute a quorum for the transaction of the ordinary business of the county, and all questions which shall arise at their meetings shall be determined by the votes of a majority of the supervisors present, except upon the final passage or adoption of any measure or resolution, or the allowance of any claim against the county, in which case a majority of all the members elect shall be necessary."

A number of the supervisors insisted that under this provision it required a majority vote of all of the members of the board to adopt the report.

On September 29th the report of a committee apportioning the taxes to be spread in each municipality according to such equalization was adopted by a yea and nay vote of 28 therefor and 13 against. At a session of the board, held on November 10th, a resolution was adopted by a yea and nay vote of 38 in favor thereof and 3 against, which, after reciting that it was "the desire of this board to adopt a proper and legal equalization for the county of Oakland for the year of 1930," reads as follows:

"Now therefore be it resolved that the equalization report presented on July 10, 1930, known as miscellaneous entry 609, with all entries and tabulations thereto attached, and the resolution passed on September 29, 1930, known as miscellaneous entry 634 heretofore mentioned, be and the same are hereby adopted and affirmed and considered to be the equalization for the county of Oakland for the year of 1930."

After its adoption the defendant supervisor notified the board in writing that he refused to spread the State and county tax in his township for the reason that there had been no legal equalization. The plaintiff therefore sought mandamus to compel such action on his part, and, after a hearing thereon, the writ issued. The defendant seeks review thereof by certiorari.

The importance of a speedy decision is apparent. The legality of the action taken on July 11th raises an interesting question which we would be glad to consider did time permit. But, as we are all agreed that the action taken on November 10th by a majority of all the members elect should be held to be a

reconsideration and readoption of the report of the committee and constitute a legal equalization, we do not pass upon it.

While the time fixed for equalization is mandatory, in the sense that it is the duty of the board to at that time take action, the taxes should not be imperiled by a lack thereof if final and legal action be taken in time to permit the spreading of the tax and the delivery of the rolls to the collecting officers a reasonable time before that limited for collection has expired.

The provisions of the statute relating to equalization are jurisdictional, and no tax can be legally imposed upon the property of the county without such action being taken. *Auditor General* v. *Roberts,* 83 Mich. 471; *Paldi* v. *Paldi,* 84 Mich. 346. The record of the board must disclose such action, and must be so intelligible and certain that a taxpayer, on examination thereof, can ascertain what action has been taken. Had he read the resolution adopted on November 10th, his attention would have been called to the action taken on July 11th, and a consideration of both could but have informed him that a legal equalization had been had.

In our opinion, a legal equalization has been had, and the action of the trial court in granting the writ of mandamus was justified. The writ of certiorari is dismissed.