## Reuben Wright v. Silas F. Dunham.

*Tax title—evidence to defeat.* — The statute, (*R. S. of 1846, p. 118, §109,*) makes a tax deed *prima facie* evidence of the correctness of all the proceedings, and of title in the purchaser; and this presumption of correctness must prevail in its favor until evidence is given of facts which show irregularity. It is not sufficient to prove facts from which an inference of irregularity may be drawn, if such facts are consistent with others which would make the proceedings regular.

Where, therefore, to show that a tax was erroneously *assessed on a part, instead* of the whole, of a parcel of land, the collector's return was put in evidence, which showed a tax against a part of the land only, but it was consistent with this return that the tax might have been correctly levied on the whole, and a part of the land thus cleared by payment before the return, it was *held* that the Court, in support of the deed, would presume such payment.

*Held, also,* that the mere allowance of illegal demands, by the board of supervisors the preceding year, was not sufficient to show that illegal taxes were levied, where there was no evidence to show that the amounts were included in the tax levy for the year, or that there was not money on hand to pay them at the time of their allowance.

*Heard July 8.     Decided July 10.*

Case made after judgment from Ionia Circuit.

Judgment of the Court below was for the defendant. The facts are sufficiently stated in the opinion.

*A. Gould,* for plaintiff.

*A. F. Bell,* for defendant.

COOLEY J.:

This was an action of ejectment brought by Wright to recover the south-east quarter of section thirty-five, in township seven, north of range seven west — being the Township of Berlin, Ionia County — to which he claimed title under a sale of the same as State tax lands; they

having been struck off to the State for delinquent taxes of 1843, and sold to the plaintiff October 6, 1847. By the law in force at the time of this sale, the deed of the Auditor General, given to carry it into effect, was made "*prima facie* evidence of the correctness of all the proceedings to the date of the deed, and of title in the grantee therein named." — *R. S. of* 1846, *p*, 118, §109.

The defendant sought to rebut the *prima facie* case made by the deed, by showing that illegal taxes were included in the sum for which the land was sold. To establish this fact, he proved by the records of the board of supervisors that, on March 22, 1842, a contract was made by them with one Elvert to tend a ferry across the Grand River at Ionia, for one year from the 11th day of April then next, for the sum of one hundred and fifty dollars ; and that his account for services as such ferryman was afterwards, and within a year from that time, allowed by the board. He also proved that, on October 5, 1843, the board "voted to raise fifteen hundred dollars for county purposes for the current year;" and he showed by their records that the accounts allowed by them during the preceding year, including the allowances to Elvert, amounted to one thousand four hundred and sixty-two dollars and six cents. And it is insisted that the board had no authority to make this contract with Elvert, and that it is a reasonable presumption, from the facts shown, that the amount thus illegally allowed to him was included in the tax levy of 1843.

If, by law, the accounts allowed by boards of supervisors were to remain unpaid until provided for by taxes raised the succeeding year, the presumption which the plaintiff insists upon might be a reasonable one ; but as it was both competent and proper for them to vote in each year such sum as they should estimate to be necessary to meet the demands against the county for the fiscal year succeeding, we cannot, in the absence of any proof on the subject, conclude that they did not adopt

that course. The presumption which the deed raises in favor of the regularity of all the proceedings must prevail, until the party who assails it has overcome that presumption by evidence which is inconsistent with it. — *Lacy v. Davis*, 4 *Mich.*, 540; *Amberg v. Rogers*, 9 *Mich.*, 332. The facts shown in this case are not inconsistent, unless followed up by further evidence, showing that at the time of the allowance to Elvert the county was without funds, and that the amount remained a debt against the county, and was included in the sum voted to be raised the following October.

At most, the evidence adduced only tends to establish a misappropriation of county funds by the supervisors at the time when the allowances were made; and this misappropriation could only affect the tax levy of the subsequent year, by rendering it necessary to raise a larger amount for other purposes than would otherwise have been required. But if the subsequent tax levy is thereby rendered illegal, it is obvious that the county, by a single misappropriation of money, would lose all power to levy and collect taxes thereafter. We do not think this result follows, or that the supervisors have any power to disorganize and destroy the county by a wrongful appropriation of its funds.

The defendant also showed, by the records in the county treasurer's office, that the whole south half of section thirty-five was returned as one parcel to the county treasurer, for the non-payment of the taxes thereon, while only the east half of it — being the south-east quarter of the section — was sold. And he claims that the sale of any less than the whole parcel returned was illegal, because there was at the time no authority of law for either the county treasurer or the Auditor General to receive payment on a part only of any description assessed, leaving the remainder to be sold. We do not think this position well taken. Sec-

tion thirty-six of the tax law of 1843, (*Laws of* 1843, *p.* 72,) provides that the township treasurer, while the roll remains in his hands, "shall receive the tax, or any one of the several taxes, on a part of every lot or parcel of land, or an undivided share or interest, which is clearly defined by the person paying the tax, or on any other interest which the taxpayer will clearly define; and if the tax on the remainder of such lot or parcel shall remain unpaid, the treasurer shall enter such specication in his return to the county treasurer," etc. Section fifty-one, (*p.* 77,) provides that, after the delinquent lands are returned, "the tax shall be received on any interest in any parcel of land, the same as if paid to the township treasurer under the thirty-sixth section." It is apparent that the word "interest," as here employed, was designed to cover not merely an undivided interest in the whole of the parcel taxed, but also any exclusive interest in any portion of such parcel; and that this section conferred upon the county treasurer and Auditor General the same power to receive the tax upon any portion of the parcel assessed which was vested in the township treasurer before his return was made.

The township treasurer's return was also put in evidence by the defendant, and, as regards this land, it is in the following words: "South half of section thirty-five, town seven, range seven, three hundred and twenty acres; eight hundred dollars valuation; three dollars and sixty-eight cents State, county and township tax; six dollars highway tax; two dollars and sixteen cents school tax; eleven dollars and eighty-four cents total tax. The foregoing school tax is on the south-east quarter of section thirty-five." From this return, it is claimed by the defendant that this school tax is illegal, because it is levied upon the south-east quarter only, without any separate valuation of that portion. There might be force in this objection, were it not for the provisions of section

thirty-six, above quoted, by which the township treasurer was authorized not only to receive full payment of all the taxes upon any portion of a description taxed, but also "any one of the several taxes" which might be tendered to him. The assessment roll was not put in evidence, but we have a right to infer from this return that a school tax was assessed upon the whole south half of the section, and that some person, while the roll remained in the hands of the township treasurer, paid to him the portion thereof which was chargeable on the south-west quarter. As the return, under such circumstances, would be entirely consistent with a legal assessment, we cannot presume that the assessment actually made was illegal, until something more is shown than is now before us.

It is further objected by the defendant that the description of the land, as it appears in the township treasurer's return, is defective. The return describes it as in "town seven, range seven;" when the description should be "town seven *north*, range seven *west*." There are several towns seven, range seven, in the State; and if there were nothing else appearing on the face of the return to identify the township intended, the objection would not be without force. But the return appears upon its face to be for the township of Berlin, in the county of Ionia. And as the Court is bound to take judicial notice of the political divisions of the State, and there is only one town seven, range seven, in that township, or in that county, the land is conclusively designated, and the description is sufficient for any purpose.

We have thus examined all the objections made by the defendant to the tax proceedings, and do not find that any irregularity is proved. Facts are shown, from which an inference of irregularity might be drawn, but none of them are inconsistent with the existence of other facts, which, if proved, would establish the correctness of the proceedings; and the presumption of law which the

WRIGHT v. DUNHAM.

deed carries with it must, therefore, prevail. We think the Circuit Court erred in holding the tax sale invalid on the evidence exhibited.

A further objection to the plaintiff's recovery was suggested on the argument, namely: That there was no evidence that defendant was in possession of the premises when the suit was commenced. The evidence as to possession was the admission of the defendant on the trial, which is stated in the record as follows: "The defendant, by his counsel, admitted himself to be in possession of the premises." A strict construction of this admission might confine it to the time of the trial, but there can be no doubt that it was understood by the parties at the time to cover the whole ground, and that it was given and received to save the necessity for calling a witness. Such admissions must be construed by the Court as the parties understood them at the time, and not be allowed to be made a trap for him who has in good faith received and relied upon them. The possession which the defendant admitted was possession when the suit was brought, and he must be held bound by his admission, notwithstanding it was not noted down by the Judge with the same literal accuracy and certainty required in pleadings.

The judgment of the Court below is reversed, and judgment entered in this Court for the plaintiff, with costs of both Courts; and the case is remanded to the Court below for further proceedings, and to give the defendant an opportunity for a new trial under the statute.

The other Justices concurred.