## Lucinda A. Robbins and another v. William B. Barron.

*Statutory recovery for tax-liens: Subsequent tax sales.* It is a complete defense to a claim for a recovery under the statute (*Comp. L. 1871,* § 1131) as for a lien for taxes, that the right of the claimant has been extinguished by subsequent tax sales.

*Tax-titles: Township and school taxes: Board of supervisors.* A tax deed given upon a sale which included township and school taxes is not rendered invalid by a showing that the board of supervisors did not direct

any taxes for township or school purposes to be assessed in the township for that year.

*Heard October 27.    Decided January 5.*

Error to St. Clair Circuit.

*Atkinson & Atkinson,* for plaintiffs in error.

*George E. Wasey* and *D. C. Holbrook,* for defendant in error.

COOLEY, CH. J:

Barron brought suit against the plaintiffs in error to recover a certain tract of land in the township of China, of which it is conceded Lucinda A. Robbins is owner, unless her title has been cut off by tax conveyances.    Barron holds tax-titles for the years 1864, 1865 and 1866, and claimed to recover upon these.    It was shown, however, that each of these titles was defective, and Barron then claimed to recover the amount of the legal taxes which were covered by the sales, and also the taxes for 1867, which he had paid without sale.

To defeat this claim the defendants put in evidence a subsequent tax conveyance made to John Atkinson for the taxes of 1869.    If this last conveyance is valid, it would seem to be a complete answer to the claim of Barron; for there can be no ground for a recovery as for a lien for taxes if the right of the party has been extinguished by subsequent sales.

The circuit judge reached the conclusion that Atkinson's title was invalid.    The ground of invalidity was, that the board of supervisors did not direct any taxes for township or school purposes to be assessed in the township of China for the year 1869, but that nevertheless township and school taxes were assessed for that year, and are included in the sum for which sale was made to Atkinson.    In the absence of any such direction by the board of supervisors, the circuit judge was of the opinion that no township or school tax could lawfully be levied.

We think this conclusion of the circuit judge erroneous. The board of supervisors do not originate township or school taxes, but they take the certificate of the township clerk of the several amounts which the proper authorities have voted for those purposes (Comp. L. § 992), and direct the amounts specified, if they appear to be authorized by law, to be spread upon the tax-roll of the townships (Ib., § 997). The supervisors have no discretion in the premises; they have only to see that the sums are authorized by law, and then the duty to give the proper direction is imperative. If they should wrongfully refuse to give it, they might be compelled by mandamus to do so. But we also think that if the township authorities should proceed to levy the taxes which had been lawfully voted, their action would be perfectly valid whether the proper direction had been given by the supervisors or not. A neglect or refusal by the board to perform its duty, when nothing was submitted to their judgment or discretion, could not deprive the township authorities of the right to levy taxes which had been duly voted by the competent town and school boards. The action of the supervisors is not, we apprehend, required to give the local officers power in the premises, but rather to insure the duty being surely and regularly performed. A similar question arose in Alvord v. Collin, 20 Pick., 418, in which the town assessors levied a state tax without having received the proper warrant directing them to do so; and their action was held to be entirely valid. There is no claim, as we understand it, that any excessive or illegal tax was levied for the year in question, unless the defect we have considered rendered the levy illegal, and we are clear it did not.

The judgment must be reversed, with costs, and a new trial ordered.

Other questions were discussed by counsel, but we have not considered them, as the case in the court below turned upon this. Our statutes now undertake to give a purchaser at a tax-sale which proves defective a lien for the money paid; but when they come to be administered in a case

like this, where there are successive purchases by different persons, the questions are sufficiently difficult to make it wise to defer any definite opinions until all the facts are before us.

The other Justices concurred.