## THE AUDITOR GENERAL v. ARTHUR HILL.

*Taxes—Record of board of supervisors—Failure of chairman to sign.*

1. The failure of the chairman of the board of supervisors to sign the record of the board in relation to the equalization of the assessment rolls and apportionment of taxes, during his term of office, is a fatal defect in the tax proceedings.[1]

[1] See *Weston v. Monroe,* 84 Mich. 341; *Boyce v. Auditor General,* 90 Id. 314.

2. The Court find from the evidence in this case that said record was not signed during the term of office of the chairman, and the decree below is reversed, and the petition dismissed.

Appeal from Chippewa. (Steere, J.) Argued June 22, 1893. Decided October 2, 1893.

Petition for sale of lands for delinquent taxes under Act No. 195, Laws of 1889. Defendant appeals. Decree reversed, and petition dismissed. The facts are stated in the opinion.

*G. K. Grout* (*Benton Hanchett,* of counsel), for appellant.

*Lawrence F. Bedford,* Prosecuting Attorney, for petitioner.

HOOKER, C. J. There is a single question in this case, and that one of fact. The proceeding was a petition filed by the Auditor General under Act No. 195, Laws of 1889, for the sale of lands in Chippewa county for taxes assessed in 1889. Defendant asserts that the proceedings of the board of supervisors, in relation to the equalization of the assessment rolls and apportionment of taxes, were not seasonably signed by the chairmen of the board.

Two witnesses testify that on February 3, 1891, the proceedings were not signed, and that upon February 14, 1891, another examination of the records showed them to be signed. The signatures are admitted to be genuine. The chairmen both testify that they do not remember when they signed, but express great confidence that it was not after the expiration of their respective terms, which was, in each case, before February 3, 1891. The circuit judge, allowing equal weight to the testimony upon each side, decided the case in favor of the petitioner, upon the presumptions attending official action.

97 MICH.—6.

We are unable to concur in his conclusion.    Assuming that he is correct in his estimate of the character of these witnesses, and that they are truthful, we think that there is greater room for the witnesses for the petitioner to be mistaken than for those of defendant to be.    The latter, in preparing their case, had occasion to look up these records, and say they made *memoranda* of the defects relied on, and that at a time named.    This statement could hardly be an honest one if the signatures appeared upon the records at the time of such examination.    On the other hand, the witnesses for petitioner are not able to say when they did sign the records, though they are apparently quite confident that it was during their respective terms of office.

A conviction that the witnesses for the defendant are probably right about the matter makes it incumbent upon us so to find; and, as the defect is admitted to be a vital one, we have no alternative but to reverse the decree of the circuit court, and dismiss the petition, as to the lands involved in this case.

The other Justices concurred.