## THE AUDITOR GENERAL v. ARTHUR HILL.

[See 97 Mich. 80.]

*Taxes—Board of supervisors—Equalization—Practice in Supreme Court—Rehearing.*

1. The Supreme Court cannot ordinarily be depended upon to go outside of the printed record and briefs to ascertain what question may be involved in any case, and cannot give parties a rehearing when they have not seen that the case was properly presented.

2. The failure of the board of supervisors to examine all certificates, statements, papers, and records submitted to them showing the moneys to be raised in the several townships for school, highway, drain (?), township, and all other purposes, and to hear and consider all objections made to raising any such moneys by any tax-payer to be affected thereby, as required by section 24 of the tax law of 1889, is an irregularity at most, and in the absence of an affirmative showing of defects

in said taxes, or that the defendant tax-payer has been denied a hearing by the board, the validity of said taxes will be presumed.[1]

3. The validity of the State and county taxes only was passed upon in *Attorney General v. Roberts*, 83 Mich. 471, and the question covered by head-note 2 was not raised in that case.

4. The decree heretofore entered in this case, reversing the decree appealed from, and dismissing the petition of the Auditor General, on account of the failure of the chairman of the board of supervisors to sign the record of the board in relation to the equalization of the assessment rolls and apportionment of taxes during his term of office, is modified by affirming said decree as to all taxes except the one-mill school tax and those assessed for State and county purposes, and dismissing the petition of the Auditor General as to the taxes last mentioned; it appearing from the original record that all of said taxes were included in the petition and the decree made thereon, and no defects being shown in the taxes as to which said decree is now affirmed.

Motion by petitioner for a modification of the decree entered in the case reported in 97 Mich. 80. Submitted November 21, 1893. Granted January 5, 1894. The facts are stated in the opinion.

---

[1] For cases bearing upon the construction of statutory provisions similar to the section cited, see:

1. *Robbins v. Barron*, 33 Mich. 124, 126, holding that the board of supervisors do not originate township or school taxes, but, under Comp. Laws 1871, §§ 992, 997, take the certificate of the township clerk of the several amounts which the proper authorities have voted for those purposes, and direct the amounts specified, if they appear to be authorized by law, to be spread upon the tax roll of the township, and that if the township authorities should proceed, without such direction, to levy the taxes which had been lawfully voted, their action would be perfectly valid; also *Upton v. Kennedy*, 36 Mich. 215, and *Boyce v. Sebring*, 66 Id. 219, holding the same doctrine.

2. *Hunt v. Chapin*, 42 Mich. 24, 26, holding that where the board of supervisors directed the spreading of State and county taxes only, and the supervisor also assessed taxes for township, highway, and school purposes, it is incumbent upon an assailant of a tax deed, issued on a sale for *all* of said taxes, to bring upon the record an affirmative showing indicative of a want of authority to make such *latter* assessment.

3. *Auditor General v. McArthur*, 87 Mich. 457, holding that where a tax was directed to be raised by the board of supervisors under section 24 of the tax law of 1885, which had not been certified to the board by the township clerk pursuant to the provisions of said act, the burden is upon the tax-payer to show that

*Lawrence F. Bedford* and *John Hurst,* Prosecuting Attorney, for the motion.

*G. K. Grout (G. M. Stark,* of counsel), *contra.*

HOOKER, J. An application to reform the decree of this Court is made upon the ground that it is too broad, in that it dismisses the Auditor General's petition as to all taxes assessed upon the lands involved in this case, and that the township tax, special school tax, road tax, bridge or building tax, and reassessed orders or township interest tax should have been excepted. *Auditor General v. Hill,* 97 Mich. 80. An investigation of the record and briefs shows that counsel agreed that but one question was raised by the record, viz., whether the record of the board of supervisors in relation to equalization and apportionment was duly signed. No claim was made by counsel in the brief that any such exception should be made, or that such taxes were involved. The record does not show what taxes were included in the decree below, or in the petition filed

such tax was not originally authorized to be raised by competent authority.

4. *Boyce v. Auditor General,* 90 Mich. 314, holding a highway tax of one-half of one per cent. of the assessed valuation of a township, directed by the board of supervisors to be spread upon its assessment roll, without any certificate from the township clerk that any highway tax had been imposed by the township, to be illegal, it not appearing that the amount of the highway tax for that year had been fixed by the township board, or that the electors of the township had either voted or failed to determine the amount to be raised for that purpose.

5. *Post v. Harris,* 95 Mich. 321, 324, holding that a drain tax cannot be lawfully spread upon the assessment roll unless directed by the board of supervisors, as provided by 3 How. Stat. § 1740*f*4; distinguishing such a tax from other taxes in this respect.

6. *Union School-District v. Parris,* 97 Mich. 593, holding that *mandamus* will lie to compel a supervisor to assess school taxes directed by the board of supervisors to be spread upon his assessment roll pursuant to sections 36 and 37 of the tax law of 1893, which provide that it shall be the duty of the township clerk to certify all statements of taxes to be raised in his township for presentation to the board of supervisors, and of the board to examine such statements, and direct the spreading of such taxes as shall be authorized by law; such latter section making the action and direction of the board final as to the levy and assessment of such taxes.

by the Auditor General, either as to the nature of the taxes sought to be collected, or the amounts thereof. The answer prays that the petition of the Auditor General may be dismissed as to such lands, and, so far as we can determine from the printed record, defendant's right to such relief depended upon the single point litigated, upon which the opinion was based.

Ordinarily, the Court cannot be depended upon to go outside of the printed record and briefs to ascertain what question may be involved in a case, and cannot give parties a rehearing when they have not seen that the case was properly presented. In this case, however, the original record shows that such taxes were included; and as the list of lands involved is large, and the loss to the public under the decree entered would be great, we reopen the case upon this application.

The proceedings of the board of supervisors which were held to be defective were those relating to the equalization and apportionment and the raising of money for county purposes. It is further objected that it does not appear that the board made any examination of the certificates, papers, etc., required to be submitted by the townships, showing the amount to be raised therein, or that it heard and considered all objections made thereto by persons to be affected thereby. Under a similar statute, it was held that such taxes were not necessarily invalidated by a failure of the board to direct that such taxes be spread. *Hunt v. Chapin*, 42 Mich. 24. The board had nothing to do with the ordering of these taxes. While it had authority to examine the return, and hear disaffected parties, it was with a view to having the proceedings perfected if irregular. The failure to do this is an irregularity at most. It is not shown that there is any defect in these taxes, or that the defendant has been denied a hearing by the board, and the presumption is that such taxes are valid.

The case of *Auditor General v. Roberts*, 83 Mich. 471, is cited as an authority against this view of the case, but an examination of that case will show that this question was not raised. All taxes were there rejected by the lower court except the State and county taxes, and this Court passed only upon the taxes not rejected.

The decree heretofore entered may be modified by affirming the decree of the court below as to the township taxes, special school tax, road tax, bridge or building tax, and other township taxes, and the petition dismissed as to all other taxes.

The other Justices concurred.