ALLEN SHELDEN v. THE TOWNSHIP OF MARION.

*Taxes—Validity—Payment under protest—Records of board of supervisors—Omission of clerk's signature—Amendment.*

1. The failure of the clerk of the board of supervisors to sign the record of the board in relation to the equalization of the assessment rolls and the apportionment of taxes will not affect the validity of the township and school-district taxes; citing *Chamberlain v. City of St. Ignace*, 92 Mich. 332.

2. In order to warrant a judgment for the plaintiff in a suit brought to recover taxes paid under protest, there must have been such jurisdictional defect as to render the tax void, and not a mere irregularity in spreading the tax, or informality in the warrant for its collection.[1]

3. Plaintiff sued to recover taxes paid under protest, and on the trial the validity of the State and county taxes was assailed for want of the signature of the clerk of the board of supervisors to the record of the board in relation to the equalization of the assessment rolls and the apportionment of taxes for the year in question. The record was authenticated by the signature of the chairman of the board of supervisors, and the person who was clerk of the county and of the board of supervisors at the time the record was made, and who had personal knowledge of the facts, was deputy county clerk at the time of the trial, and the rights of third parties had not intervened. And it is held that it was proper to permit said deputy county clerk to amend the record by affixing the omitted signature thereto.

4. The question whether school taxes paid under protest may be recovered back cannot be made to depend upon the formality or informality of the certificate furnished the supervisor as to said taxes, but must depend upon the question of whether in fact said taxes were authorized by the district.

5. Where in a suit to recover taxes paid under protest, including school taxes, the findings of fact fail to show the amount of such school taxes, the bill of particulars of the plaintiff, which

---

[1] For cases bearing upon the question of the recovery of taxes paid under protest, see *Canfield Salt & Lumber Co. v. Township of Manistee*, 100 Mich. 466, 473, and note.

purports to show the amount, cannot be used to supply the place of such omitted finding.

Error to Osceola. (Judkins, J.) Argued April 24, 1894. Decided June 26, 1894.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*C. M. Beardsley,* for appellant.

*Frederick S. Wheat (Lloyd L. Axford,* of counsel), for plaintiff.

MONTGOMERY, J. Plaintiff is the owner of 1,000 acres of land in the defendant township. In the year 1892 there was assessed against these lands the sum of $262.43. Plaintiff paid the tax to the treasurer of the defendant township under protest, and within 30 days brought this suit to recover back the amount, with interest. He prevailed in the court below, and the defendant brings error.

The ground upon which the plaintiff recovered below was that the tax was levied without jurisdiction, for the reason that the record of the board of supervisors in which appeared the equalization and apportionment of taxes was not signed by the clerk of the board. The signature of the chairman of the board of supervisors was attached. On the trial of this case, the question being brought to the attention of the court, the person who had been clerk in 1892, and who was at the time of the trial deputy clerk of the county, was permitted to sign his name as clerk *nunc pro tunc.* The circuit judge afterwards held that the clerk had no authority to make the amendment to the record of the board of supervisors, and entered judgment for the plaintiff for the full amount of the taxes.

101 MICH.—17.

This judgment was not authorized, in any view of the case. The failure to apportion the taxes did not affect the township or school-district taxes. See *Chamberlain v. City of St. Ignace,* 92 Mich. 332.

It is contended that the certificates furnished the supervisors of the amount of taxes to be levied upon the township of Marion were irregular and insufficient. But this failure does not go to the validity of the tax. See *Robbins v. Barron,* 33 Mich. 124; *Upton v. Kennedy,* 36 Id. 215; *Boyce v. Sebring,* 66 Id. 218; and *Auditor General v. McArthur,* 87 Id. 463. It is to be kept in mind that this action is an equitable action in *assumpsit,* for money had and received; and in such case mere irregularity in action, which does not prejudice the party, cannot justify a recovery. There must have been such jurisdictional defect as to render the tax void, and not a mere irregularity in spreading the tax or informality in the warrant. See *Gratwick, etc., Lumber Co. v. Village of Oscoda,* 97 Mich. 221.

The State and county taxes were, however, affected by the action in permitting an amendment, and it becomes important to determine whether such an amendment was justified; as, if it was not, then there was no equalization, and it would be impossible to determine what portion of the taxes of the county and State should have been spread upon the assessable property in the township of Marion, and obviously it would be impossible to determine how much valid tax was imposed upon the lands of the plaintiff. The courts are not agreed upon the question as to when the custodian of a record may be permitted to amend the same in accordance with the facts. It is, we think, generally held that the clerk whose duty it is to make the record may make amendments of the same while in office, and when no rights have been built up on the faith of the

imperfect record.    See 1 Dill. Mun. Corp. §§ 294, 295;
Beach, Pub. Corp. § 1300.        See, also, *Boyce v. Auditor
General*, 90 Mich. 314.    There is respectable authority for
holding that the clerk may make such an amendment
after having retired from office (*Gibson v. Bailey*, 9 N. H.
168; *Kiley v. Cranor*, 51 Mo. 541); and, where this is
not permitted, it has been held that one who has retired
from office, and has been since re-elected, and has custody
of the record, may properly make the amendment.    *Welles
v. Battelle*, 11 Mass. 477; *Mott v. Reynolds*, 27 Vt. 206.
In the present case the amendment consisted simply in
affixing the signature of the clerk.    He was at the time
in the sworn custody of the records as deputy clerk, and
could act, within the reasoning and principle of the cases
which permit a clerk on re-election to amend a record
made up during a former term.    He was properly per-
mitted to make the amendment.    We do not decide what
would be the effect if a third person had acquired rights
to the property taxed before the attempted amendment.
But such is not the case here.    As before stated, this is
an equitable action for money paid, and no hardship is
done to plaintiff in permitting the amendment.    In *Boyce
v. Auditor General, supra,* we held that the chairman and
clerk could, while still in office, affix their signatures.
The case of *Auditor General v. Hill*, 97 Mich. 80, is cited
as supporting the doctrine that, after having retired from
office, the chairman and clerk could not properly affix
their signatures to the record.    Such a holding is not
necessarily in conflict with the views herein expressed, but
it should perhaps be stated that the point was not argued
or considered in the case of *Auditor General v. Hill.*    On
the contrary, as appears by the opinion, it was admitted
that, if the proceedings were not signed until after the
chairman and clerk had retired from office, the record was
void.    The Court therefore determined the case solely upon the

question of fact. The case of *Weston v. Monroe*, 84 Mich. .342, was a case in which no attempt was made to correct the omission, and was also a case in which the rights of third persons had arisen, which distinguishes it from the present. The amendment here was made before the rights of any third parties had intervened, and was made by a lawful custodian of the record, and upon his own knowledge.[1] See, as further bearing upon this question, Cooley, Tax'n (2d ed.), 320, 321; *Parish v. Golden*, 35 N. Y. 462.

It is argued in the brief of counsel for plaintiff that the school taxes were illegal, for the reason that the certificate furnished the supervisor, as required by law, was not sufficiently full. The record does not show what portion of the tax paid was school taxes. It is true that the bill of particulars of plaintiff purports to show this, but we cannot act 'upon that without a special finding. We think the proper course will be to remand the cause for a new trial; but it is proper to say that, upon a new trial, the question of whether the school taxes may be recovered will not depend upon the formality or informality of the certificate required to be made, but upon' the question of whether in fact these taxes were authorized by the district. If such is the fact, there would be no propriety in permitting a recovery of this tax when it would at once become the duty of the authorities to again spread the tax upon the identical lands of the plaintiff. Whatever may have formerly been the rule in determining actions of ejectment prior to a judicial determination of the validity of the tax, and where land had been sold *ex parte*, in actions of this nature the policy of the law has been to ignore mere formal defects, and to permit a recovery only in case

---

[1] The deputy county clerk testified that he himself transcribed the records of the board in the journal, and neglected to sign said record.

equity and justice require it.   See Cooley, Tax'n (2d ed.),
808.

The judgment will be reversed, with costs to the defend-
ant, and the case remanded for a new trial.

LONG, GRANT, and HOOKER, JJ., concurred.   McGRATH,
C. J., did not sit.