## AUDITOR GENERAL *v.* GURNEY.

1. TAXES—INVALID EQUALIZATION—REASSESSMENT.

   A judicial determination that certain taxes are invalid for want of a lawful equalization does not preclude a reassessment against the same land, in accordance with section 96, Act No. 206, Pub. Acts 1893, for such taxes as are not dependent for their validity upon the equalization.

2. SAME.

   A reassessment against the land for the entire amount of the taxes so rejected will be held illegal only as to those taxes which are so dependent upon the equalization.

Appeal from Oceana; Russell, J. Submitted April 10, 1896. Decided May 26, 1896. Rehearing denied July 8, 1896.

Petition by Stanley W. Turner, Auditor General, for the sale of lands delinquent for the taxes of 1893. From a decree setting aside certain taxes, reassessed with the taxes of 1893 for the taxes of 1890, upon objections filed by Theron S. Gurney, petitioner appeals. Modified and affirmed.

*L. M. Hartwick,* for petitioner.

*Bundy & Travis,* for defendant.

HOOKER, J.   Certain taxes levied upon defendant's land for the year 1890 were held to be illegal for want of a lawful equalization, and the court so decreed upon petition filed by the auditor general.   This decree was rendered in the spring of 1893, and these taxes were included in the statement of rejected taxes forwarded by the auditor general.   At its following October session the board of supervisors adopted the following report of its committee to which the statement was referred:

"*To the Hon. Board of Supervisors of Oceana Co., Mich.*

" *Gentlemen:* Your committee on rejected taxes respectfully report and recommend that the following amounts be reassessed on the same description in the several townships as set forth in the statement hereto attached and made a part of this report.   All of which we respectfully submit.

"CHARLES W. BROWN,<br>
"R. B. ARTLIP,<br>
"E. L. BENTON,<br>
"Committee."

On petition filed by the auditor general for an adjudication upon delinquent taxes of 1893, the court decreed the new levy to be illegal, because of the former adjudication, as to the tax of 1890, and rendered a decree for the regular tax of 1893 only.

The invalid equalization of 1890 rendered so much of the tax for that year illegal as was affected by or dependent upon the equalization.   The amounts of county and State taxes were so dependent.   On the other hand, township, school, and other local taxes, and levies wherein the rate is definitely fixed by law, would not be; and as to such as were not, the court might have rendered a decree in favor of the State.   Apparently, however, the entire tax was held invalid, and the board seems to have reassessed all.   The record states that such decree was based upon an invalid equalization, and, if this is true, it is plain that some of such taxes were absolutely void,

while the remainder were as plainly valid. The former could not lawfully be reassessed against the same land, for there is no method for supplying the necessary equalization. On the other hand, there is nothing to prevent such reassessment of the latter, unless the decree must be held to be an adjudication that they are absolutely void, or the statute permitting such reassessment cannot be held applicable to taxes rejected by the court, because intended only to reach rejections by the auditor general.

The law makes it the duty of the auditor general to make a statement of rejected taxes, which are withheld from sale, and forward the same to the county treasurers, the amounts being charged back to the county. Pub. Acts 1893, p. 398, §§ 95, 96. If they have not been paid, and are taxes which were lawfully ordered, they may be reassessed, either upon the identical lands or the township at large. Id.; Pub. Acts 1889, p. 260, §§ 80–82; Pub. Acts 1891, p. 312, § 70. It is manifest that rejected taxes, whether rejected because of irregularities discovered by the auditor general, or those which come to his notice by adjudication, must be charged back to the counties, inasmuch as the counties have previously received credit for them when they were returned; and they must all be reassessed in one form or another in order to make the county whole. Where the decree upon its face conclusively shows that the sale was denied upon a ground which should not preclude reassessment upon the land previously assessed, no good reason occurs to us why we should say that the owner should be relieved at the expense of the township. In this case it does so appear, and we think that the decree appealed from was erroneous in holding the tax of 1890 illegal as to the township, highway, school, library, and mill taxes. *Chamberlain* v. *City of St. Ignace*, 92 Mich. 332; *Shelden* v. *Township of Marion*, 101 Mich.

256. To that extent it should be modified, and in other respects affirmed.

Ordered accordingly.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.

## ON APPLICATION FOR REHEARING.

PER CURIAM. Counsel for the appellee apply for rehearing on the ground that "the court has either misapprehended the facts or established an erroneous rule of law." In other words, we understand that the motion is based upon the proposition that the rule laid down can only be sustained by showing that the facts are as stated by the court, as we can hardly believe that counsel intended to be understood that, if the court was wrong about the facts, it was wrong in its legal conclusion, but that, if not wrong about the facts, it was, nevertheless, wrong in its legal conclusion. The alleged error of fact is that the record states that the decree against the tax of 1890 was upon an invalid equalization.

A re-examination of the case shows the following: Appellant's brief (page 1) asserts that—

"Said taxes of 1890 were rejected by the circuit judge on hearing of petition at the March term of court, 1893, on the ground that there had been no valid equalization by the board of supervisors."

The brief for the appellee (page 1) says:

"A hearing was had on the merits before the circuit court for the county of Oceana, in chancery, and a decree rendered in favor of the defendant against the auditor general, holding these taxes to be illegal, because there was no valid equalization by the board of supervisors of Oceana county for that year."

The appellee's answer in this proceeding, as shown on pages 3 and 4 of the record, contains the following statement, viz.:

"And said Gurney objects to said amounts aforesaid, for the said pretended taxes of 1890, for the reason that no sufficient notice by publication as to such taxes has been given, and because said former decree on said taxes is a valid and binding adjudication that said taxes were and are illegal, and, having been adjudged to be illegal, and rejected in such proceeding, cannot be decreed to be a valid or legal claim against said lands, and because there was no valid and sufficient equalization of the taxable property in said county in the year 1890 as required by law."

From the foregoing we may fairly conclude that the decree in the original case, interpreted by the record, denied an order of sale as to the lands in controversy upon the ground that there was no proper equalization, as admitted in the brief of counsel.

A rehearing will be denied.